UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA NAVARRO-MARTIN,

    Plaintiff,

v().                                            CASE NO. 8:24-cv-821-SDM-UAM

UNITED STATES CUSTOMS AND
    BORDER PROTECTION, *et al.*,

    Defendants.
_____/

**ORDER**

    Martin's paper (Doc. 1) is captioned "Motion for Return of Properties," in which she requests issuance of an injunction to require the return of certain properties seized by federal officers under a search warrant during a joint investigation with state officers. Martin moves (Doc. 6) for leave to amend to assert an action under 42 U.S.C. § 1983. Also, Martin moves for an invoice and leave to proceed *in forma pauperis*,[1] to appeal a state court order, for issuance of an order directed to a state court clerk, for leave to file an out-of-time answer to a forfeiture complaint, to vacate a forfeiture action, for a clerk's default, and for judgment on the pleadings. (Docs. 2, 3, 4, 5, 10, 11, 14, and 17)

    Martin's paper is construed as asserting an action under the Federal Torts Claim Act ("FTCA") and alternatively a civil rights action under Section 1983. Under either

---

[1] Subsequently, Martin paid the full filing fee.

28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), the Prisoner Litigation Reform Act ("PLRA") requires a district court both to review the complaint and to dismiss the complaint if frivolous or malicious or for failing to state a claim upon "which relief may be granted." Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Martin was jointly investigated by federal officers and by state officers from Florida's Medicaid Fraud Unit. Martin alleges that federal customs officers from Tampa executed a search warrant and seized certain properties, which were subsequently forfeited. In 2017 Martin was charged with Medicaid fraud in state court in Orange County but she was not also prosecuted in federal court. In 2024 the state prosecutor filed a *nolle prosequi* for the Medicaid charges. Martin represents that the state was ordered to return to her properties in the state's possession. Contending that she is now a prevailing party, Martin moves for the return of properties seized by federal officers but not delivered to state custody.

Martin files this action against the United States Customs and Border Protection, Department of Homeland Security — not individual officers. Consequently, this action is based on the FTCA. Before filing a tort action against the United States (or a federal agency), a plaintiff must first file a written administrative claim with the appropriate federal agency within two years after the date of the alleged injury, and that federal agency must deny that claim. 28 U.S.C. § 2675(a) (2009); 29 C.F.R. 15.4 (2009). This administrative requirement is a jurisdictional prerequisite and is not waivable. Absent

compliance with this requirement, a federal court has no jurisdiction to entertain a suit under the FTCA. *United States v. Kubrick*, 444 U.S. 111, 117–118 (1979). *See Burchfield v. United States*, 168 F.3d 1252, 1254–55 (11th Cir. 1999) (holding that a district court lacks jurisdiction over an FTCA action if the plaintiff has not complied with the notice requirements of § 2675(a)); *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."); *see also McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–223 (5th Cir. 1990) (noting the absence of jurisdiction where plaintiff did not comply with exhaustion requirement of FTCA).

Because Martin's paper fails to show the exhaustion of administrative remedies, the district court lacks jurisdiction over a possible claim under the FTCA. Each pending motion is denied without prejudice[2] except (1) the motion for leave to proceed *in forma pauperis* (Doc. 3) and (2) the motion (Doc. 6) for leave to amend. Martin may file an amended complaint if she can show that she has complied with the exhaustion requirement under the FTCA.

Because an amended complaint supersedes the original complaint, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358

---

[2] For example, Martin is advised that she cannot appeal a state court's decision to a federal district court, which has no supervisory jurisdiction over a state court. *See Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998) ("It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision."). Also, Martin cannot commence a civil rights action to challenge another court's forfeiture orders.

(11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Martin is advised that, if she fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted, specifically for failing to show proper jurisdiction, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY (30) DAYS**. The motion (Doc. 3) for leave to proceed *in forma pauperis* is **DENIED AS MOOT** because the filing fee was paid. Martin's motion (Doc. 6) for leave to amend is **GRANTED**. The failure to timely file an amended

complaint will result in the dismissal of this action without further notice.  The clerk must send to Martin the required civil rights complaint form.  All other pending motions (Docs. 2, 5, 10, 11, 14, and 17) are **DENIED WITHOUT PREJUDICE**.

### A CAUTION TO MS. MARTIN

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint.  Therefore, Martin is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on October 4, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE